## CIRCUIT COURT OF THE CITY OF NORFOLK

Banner Detective Agency, Ltd.

v.

City of Norfolk

October 24, 1986

Case No. (Law) L85-1954

By JUDGE JOHN W. WINSTON

City of Norfolk has moved this Court to set aside the verdict rendered by the jury against it and to enter summary judgment in its behalf. For the reasons stated below, the City's motion is granted.

Bids to provide security services at the Division of Social Services and at Lake Taylor City Hospital were solicited by the City for the year beginning July 1, 1985. (Exhibit P1). Bidders who responded included Banner Detective Agency, Inc., and Reliance Security, Inc. Over Banner's objection, City awarded the contract to Reliance.

Alleging that Reliance did not meet all the conditions of the proposal and that it had been thereby caused financial damage, Banner filed this suit. The condition that Banner said was not met stated that "Agencies must have at least three years experience in providing security services. . ." (Exhibit P1).

Banner established at trial that Reliance Security, Inc., was first licensed by the Commonwealth of Virginia on January 25, *1983*, less than three years before the contract in issue here was awarded. And that Banner had been first licensed on July 30, *1981*, more than three years before that event. (Exhibit P6).

City presented evidence that before awarding the contract, it had known of the licensing issue, had consulted

its City Attorney for an opinion, had concluded that Reliance met the condition because its President (Willie McMillan) had the necessary three-year security experience, and the City was entitled to rely on that experience in judging the qualifications of the bidder. Furthermore, City said the bidder did not have to be *licensed* for three years in order to be qualified.

Because Banner says City violated its own bid proposals and the Virginia Public Procurement Act (VC § 11-35 et seq.), the Court turns to that Act. As stated in § 11-35(G), the intent of the General Assembly was that competition be sought to the maximum possible degree, that individual public bodies enjoy broad flexibility in fashioning the details of such competition, that the rules governing contract awards be made clear in advance of the competition, that specifications reflect the procurement needs of the purchasing body rather than being drawn to favor a particular vendor, and that purchaser and vendor freely exchange information concerning what is sought to be procured and what is offered.

By the terms of that Act, any bidder who desires to protest the award of a contract shall submit his protest to the public body or its designated official. But *"No protest shall be for a claim that the selected bidder or offerer is not a responsible bidder or offerer."* § 11-66. A "responsible bidder or offerer" is defined in the Act as "a person who has the capability, in all respects, to perform fully the contract requirements and the moral and business integrity and reliability which will assure good faith performance, and who has been prequalified, if required." § 11.38. Clearly then the expertise of the successful bidder is not the subject of any protest by the loser.

Nor is the result any different when the wording of the applicable City ordinance is considered. For Norfolk City Code, "Procurement Manual," Chapter 33.1, defines a Responsible Bidder or Offeror as "A person who has the capability in all respects to perform fully the contract requirements, and the tenacity, perseverance, experience, integrity, reliability, capacity, facilities, equipment, and credit which will assure good faith performance."

Because the City considered Reliance to be a responsible bidder and because there are no facts to allow a finding

that the City did not honor the bid specifications in all respects, no protest could have been asserted by Banner and thus no cause of action ever existed in its favor.